First case called for oral argument is Enraged Marriage of Cozad. Council, whenever you're ready, you may proceed. We switched it. Oh, they switched it? Yeah. Okay. As soon as this is made. Which case? The next one. The next one? Okay. Alright. Well, it's a good way to start the morning. Winters v. Winters is the first case called for oral argument. Council, whenever you're ready, you may proceed. Thank you. Good morning. Good morning. Good morning. My name is Janani Gilbreath, and I am counsel to the appellant in this matter, Jimmy Winters. Can you hear me? Okay. This appeal challenges the circuit court's order of April 22, 2016, requiring the respondent, Mr. Winters, who I will hereafter refer to as husband, to continue to pay the sum of $1,609.84 as it pertains to the Division of Retirement Benefits, that being the husband's military retirement, which consists of retired pay for over 20 years of service, as well as disability payments. The issue presented for review is whether the circuit court erred in awarding wife a greater portion of husband's disposable military retire pay than is permitted by 10 U.S.C. Section 1408, Payment of Retired or Retainer Pay in Compliance with Court Orders. A petition for dissolution of marriage was filed in this case in October of 2013. Thereafter, a temporary order was put into place requiring husband to pay the sum of $2,000 per month, and that was in January of 2014. Husband filed with the court his retirement account statement in October of 2014, and judgment was entered after trial in the matter on October 28, 2014. Pursuant to the judgment in this case, the husband's pension was to be split equally between the parties. It's important to note that husband has no pension. It's understood that what the court meant by that was the husband's retirement pay through the military. Both parties were barred from maintenance in the original judgment, including because of the division of property in this matter. Do you think that maintenance can be reopened under this order? I think there is a potential for maintenance to be reopened. Do you believe the law allows, even though maintenance was not awarded, and that order is long gone from a 30 days point of view, the question I have for you is do you believe that maintenance can still be the subject of an award should this court remand? I do not believe that maintenance could be the subject of an award should this court remand. Why? Precisely for what the court just said, this is a 2014 order. It is long gone, 30 days have passed, and maintenance was specifically barred because of the, my client's position is because of the amount of debt that he took on. He took on a substantial mortgage. He took on substantial credit card debt. It actually resulted in him having to file bankruptcy to address that debt after the dissolution. So I think that if maintenance were to be awarded, the court would also have to look back at how this debt was divided, but the debt has essentially been wiped away through bankruptcy. Wouldn't that be a normal reaction or a normal approach of the trial court if this were reversed and remanded, to look at all the circumstances because maintenance is based on an assessment of all the circumstances? Yeah, I think the court would have to look at all those aspects. I've got another question on that. Your basic argument is an argument about violation of 1408. Correct. Was that waived? Could it be waived? The 1408 argument? Yeah. It is my client's position that he at no time waived his 1408 argument. He presented his retirement account statements to the court. Those set forth what his pay was as to retirement and as to the allotments that were taken out because of his VA. I think that at the trial court level, he had made an affirmative statement that he was waiving that 1408 argument, but that never took place. Did he make an explicit 1408 argument in the trial court? I would have to refer to the record. I was not countful of record at that time, so I cannot say for certain if he made a 1408 argument specifically. We'll look at the record. I'm sorry? We'll look at the record. He was a pro se litigant at that point in time. No, I realize that, but we will check the record. Do you think that his financial disclosure adequately indicated the amount of retirement pay he would actually receive once the deductions were taken out under 1408? I do. The way that the account statement is broken down, it shows a gross amount, and then it also shows those deductions. I think that it referenced approximately $2,000 as in for allotments that were VA-related, disability-related allotments. It referenced $2,200 and some change, but what does he actually get now? His actual amount. I thought it was far less. He receives approximately $2,210.47 in disability pay. His total pay is approximately $3,960. The majority of what he's receiving from that $3,960 is disability-related. Is it your position that the court should have known that he was going to receive $2,200, or do you think the court erred and thought he was going to receive $3,800? I think the court thought that he was... The court knew that he was receiving the $3,960. I think where the court erred is that they did not break down where the source of that $3,960 was and that $2,210 was disability pay. I think if they would have reviewed the retiree account statements, it would have been shown on there, but that did not happen at the trial court level. Don't you think that impacted the award of maintenance? Yes. It's my understanding that maintenance was not awarded because of the greater amount that she was receiving, but that greater amount should not have been received by her. It can't be received by her through a withholding order. The federal government will not withhold greater than 50% of the disposable pay, and the disability is not included in that definition of disposable pay. So under what you just responded, that is, the court thought he was going to receive the greater amount, but in fact the federal law says he can't. Correct. Do you think that the court made a mistake when it awarded no maintenance? I don't think that the court made a mistake when awarding no maintenance. Again, I think if we look at the property and debt distribution, what he took on debt-wise far exceeded what she did, which probably lessened the need for an award of maintenance. If she would have taken on higher debt, she would have needed more. Because she didn't do that, there was less of a need for maintenance. So I think that, no, the court didn't err in offsetting that maintenance amount. It did err in that division. I'm confused by something. I thought that he represented that he received about 3,900 in military retirement and about 1,900 in VA disability benefits. And again, I would have to reference the record as to what it was at the time of trial. The current amount, and I believe what was the amount at the time of trial, I don't believe it's changed, is that 3,960 total benefits, $2,210 in disability. So the total amount is the 390. Does that clarify your... Well, I guess actually it almost confuses me more because I thought the discrepancy was what he represented and what turned out to be the reality once he started to get his retirement checks. I think what was represented, I don't know that there was a 100% clear cut this is exactly what he's getting at the time of trial because he did not start receiving benefits until after trial was over. In fact, there was an order entered in July 2015 that required him to pay the sum of $1,690.84 until such a time as his military retirement came into effect and he started receiving those sums. So it was his understanding at that point in time that the $1,600 would only be paid until the military retirement came into effect that a withholding order could issue. And then at the time that the withholding order issued, his amount would decrease accordingly, which I think is approximately $847 that is currently being withheld through the DFAS system and that she is receiving through them each month. But I think Justice Chapman is referring to some information that was put into a motion to enforce. Correct. And in that motion, it says that the petitioner or the husband, I guess, is he the petitioner? He's the recipient. That they took out an additional $2,000 as a deduction for the monetary benefits and petitioner has been receiving an amount less than $600 per month. There was initially Does that mean is that true or false? He is currently receiving approximately $847 a month too. So he's getting $847 a month because of the other deductions under the statute 1408. But when the court entered its order, the court thought there was going to be $3,800 minus a few VA things for a total of $2,200. So instead of $2,200, he's getting $847. That's a big difference. It is a big difference. It is a big difference. Again, I would have to verify those numbers as to what his current amount being deducted is, and I'm happy to do that and provide that to the court. Well, today is the day. Well, he is. The motion to enforce, I guess that's where the misunderstanding between the parties lies, was basically through this motion to enforce. He thought that he was paying the $1,600 until the military retirement came into effect and then the amount would be decreased based on what DFAS would pay up, which, again, is approximately $847. It's my understanding that the wise position was, no, that $1,600 should continue indefinitely in the form of this property settlement. And, again, it is his position that the court simply can't do that. Well, the court can do that. It can't deduct it from, it can't force the government to deduct it from his pay, but it certainly can enter it in order that it determines as equitable. Yes, and he could direct pay the remainder thereof. However, that creates a windfall for the wife in this situation, where she is, in fact, receiving almost the majority of his retirement pay, which to our position was not the intent of the court for her to receive more than an equitable share, which we would argue that she is at this point in time. But if there were remand, then the court would have to reweigh some of these factors, as Justice Goldenhurst indicated. Correct. There would be a reweighing of the equities involved. Yes, it would be our position that there would need to be a reweighing of the equities, including that original distribution of debt, as well as what the party's current earning capacity is, because it's our understanding that at the time of trial, the wife was not working and that she is currently working now. In addition, there were two minor children at the time of trial. There is now only one minor child in this case. So, again, the court did, in its order, say that a withholding order should issue for the full amount. So that implies that the instruction of the court was the whole $1,690 come out through a withholding order, which DFS simply won't do. So now my client is in the position where he is having to pay the balance of that, which is creating a significant financial hardship on him at this point in time. It's our position that the circuit court failed to consider the definition of disposable pay when rendering its position. And as this court knows, disposable pay is the total monthly retained or retired pay to which a military member is entitled, minus deductions. And, again, those VA disability payments would be considered an appropriate deduction in this case. I'm just not so sure that the court was aware of all these deductions based on your financial statement. I mean, if he's getting $847 now, the court was only told that he would, or the court was told he was going to get $2,210.47. So I don't understand how your client can take the position that the court was fully informed of the equities. Again, I think that that goes to a review of the retiring account statements that he did file with the court prior to the trial setting. I think a breakdown of those retiree account statements shows what he would be receiving if the appropriate deductions were withheld for the VA payments, for the disability payments. So when we look at the financial record, it's going to show $847. When you look at the financial record, it will show his gross pay of $3,807. There is a VA waiver in the amount of $485. There's a survivor benefit plan that he is required to maintain in the amount of $102.32. And there's VA allotments and bonds, which again is the disability, in the amount of $2,210.47. But were the VA allotment and bonds represented as disability payments, or were they represented as allotments and bonds? Allotments and bonds, Your Honor. Yeah. Nobody told the court that this was going to be a disability payment that was a deduction, right? At least as far as I can tell from the document. It is my understanding that at the time of trial, they were represented as allotments and bonds. Okay. Thank you very much. Thank you. Thank you, Counsel. Counsel? Excuse me, Counsel. Good morning, Your Honors. My name is Jay Zanton, and I represent the appellee, Amy Winters. At the time of the trial in this case, Mr. Winters was represented, or he represented himself pro se. And at the time of the trial, the evidence was basically that he was receiving $3,900 in military retirement and some additional monies in a VA disability. The trial court then entered an order that divided approximately $3,960 of military retirement equally between the husband and the wife. Subsequent to the trial with counsel this time, the appellant filed a motion to reconsider, in effect, the court's ruling. At the time of the hearing on the motion to reconsider, or the motion for rehearing, an agreement was reached by the parties. At the time the agreement was reached by the parties, they agreed to have some changes in child support, along with another small, not at all issue. But the appellant withdrew his motion, or that part of the motion, that dealt with this retirement plan. And at that point, the very same argument that's being made today was the argument being made at the time of the motion for rehearing. So he withdrew it, and as part of that court's order that was entered on January 29, 2015, that part of the motion was withdrawn. The court stated that except as otherwise modified by that order, the original judgment remained in full force in effect, and also put in the magic language about appeal rights and by stating that there's no just reason to delay enforcement or appeal. There was no appeal. At the time that that agreed-to order was entered into, had the petitioner started receiving his disability payments? He had already started receiving them. So he knew he was getting 800... Prior to the trial. I'm sorry? Prior to the trial. He'd already started receiving them. So he knew he was getting $847 a month? No, he was receiving $3,980, I believe. Then how could he have been receiving his disability payments? How could that happen under the statute, that he would receive that amount, and yet everything was being deducted? At the time of the trial, the appellant testified that he was receiving military retirement of $3,960, I believe. He also testified that he was receiving a VA disability of approximately $1,900. Part of the record on this at the time of the trial will reflect that he was perhaps making almost $6,000. So when the court divided the retirement in half, and it was also a child support order at the time because there were three minor children at home, in effect, the court had taken all that into consideration in how the court... certainly divided the military retirement. What happened was, is that later on, the appellee filed a petition for rule to show cause concerning the failure to pay child support and the failure to pay the military retirement. When that occurred, and this was subsequent to the motion to reconsider that, in effect, he withdrew the argument that's being made today, at that time of the petition for rule to show cause, the only thing that was argued was that there was now additional deductions from the $3,960 that he was receiving from military retirement. As a result of that, the parties agreed to reduce the amount that the appellee would be receiving from the military retirement from $1,980 to $1,609. In all pregnancy, the deductions were appropriate to take. It is that order that followed the petition for rule to show cause that then created this new amount of $1,609. And again, after that hearing, there was no appeal taken. And again, there was no argument made even at that hearing on the petition for rule to show cause concerning the argument that's being made today. Once the motion to enforce then was filed in November of 2015, again alleging a failure to make payments pursuant to the court's judgment dating back to October 2014, this argument was then made again concerning you can't take money out of this or that you can't take these additional monies. Now, what's important to understand is the significant difference in the monies that he was receiving. He was receiving a little over $3,200. That's the reason my client's amounts went down to $1,609. The argument was, was that $2,200 of that $3,200 was VA disability related. That in effect then reduced, as Appellant would argue, only $1,000 of that now can be divided, and that the appellee should only receive a little over $500 per month from his retirement. What $1,000? When the 3,200, when the amount was reduced to where my client was receiving $1,609, his argument was that his only income was this military retirement that included disability, that he was making a little over $3,200, roughly $3,218, because one half of that would be $1,609. But later on when he argued at the motion to enforce, which is why we're here today, he argued then, well, $2,200 of that $3,200 that was being received was VA disability related. Thus, the appellee should only receive one half of that remaining $1,000 that goes down to, in effect, maybe a little over $500 that the appellee would receive. What about the VA waiver of 485 and the 102-32 for the survivor benefit? Didn't those have to be deducted as well? There was a deduction taken when it was reduced at the time of the petition for rule to show cause hearing. Those were some of the deductions that were taken at that time to reduce it from the $3,980 down to the $3,218, roughly. $3,000. Okay. Those deductions were taken at that point. So you arrived at the $1,000 based upon the 22-10-47? I'm sorry? You arrived at the $1,000 that she should receive half of based upon the VA benefits being deducted. That was the argument of the appellant. So was the husband represented by counsel at the time he made this agreement on the motion to enforce, or was he still pro se? No, the only time he was pro se was the original trial. He's been represented by counsel since, including the motion that we considered following the trial. Okay. I think the important thing here is, from the standpoint of the appellee, is that this was never brought to the attention of the court at the time of the trial. It was then brought to the attention of the court in the motion to reconsider following the trial. He then withdrew that part of his motion. Which part of his motion? Concerning this particular argument that we're hearing on today. He made that argument at the motion, or he made that argument in his motion to reconsider or for rehearing, and then withdrew it, and specifically in the order dated January 29, 2015, it talks about withdrawing that argument. He then had a petition for rule to show cause concerning the nonpayment of the retirement. He did not bring that argument up then. That's when the slight reduction took place in the amount that the appellee would receive due to certain reductions. And then again, at no time was there an appeal notice filed. And then we came to the motion to enforce, and it's brought up again as a defense, quite frankly, to having to pay this amount. I do know that Your Honor has brought up earlier the issue concerning maintenance, and I wanted to address that real quick. Clearly, in this case, the evidence was that these parties had been married nearly 25 years. He had been in the Air Force. They had moved five or six times during the course of the marriage. The appellee was a stay-at-home mom who homeschooled her children. She wasn't employed due to not only homeschooling the children but due to the numerous moves, and that she was also diagnosed and suffering from an autoimmune disease. Clearly, this was a maintenance case. We would argue now. We would argue at the trial court level. And clearly, even though it's not stated in the court's order, admittedly, at the time of the judgment of dissolution of marriage, clearly it was a maintenance case. And clearly, by dividing the retirement, which was the source of monies to pay maintenance, in the way that the court did it, by dividing equally, I would suggest to this court that the court took that into consideration in deciding to bar maintenance since the appellee was going to be receiving a lifetime full of benefits from the military retirement. I do not think this is a case of remand. I would suggest that this has been waived by the appellant, quite frankly, a couple of times. Well, he can't waive a federal statute. He can waive his argument about payment under the federal statute, but... That's true. Right? That's true. I think there was a question earlier also about the methodology of payment. And I think here you're not going to be able to certainly send some sort of withholding order to the government. They're not going to acknowledge it. Right. But he can self-pay. Right. He can pay the additional amount over and above that. And so from that standpoint, we can't withhold. True. But can he pay it? Should he pay it pursuant to the court's order? I would suggest that he should be doing that and has not been doing that. And that's the reason for not only the rule of show cause that was filed at one point, but the motion to enforce the court's orders previously. So my concern remains the same. Can the court go back on this particular award? Because it's considered a property settlement, part of the property settlement, correct? It was part of a property settlement. It's not maintenance. Right. So maintenance is always subject to being modified. You would agree with that? At least most of the time. Right. I think it's always subject to modification. But when is the property settlement final? When is it final, final, final that we can no longer touch it? Well, and that's part of my argument, Your Honor. I think at the time that the motion to reconsider, when that order was entered concerning that motion to reconsider and that the appellant did not appeal, that became a final order at that point. Let me clarify then something. At the time of the motion to reconsider and at the time that he waived that argument, was he then aware that what he was actually receiving and what was being taken out is a disability? At that point? Yes. I couldn't look into the mind of the appellant and be able to argue that. All I know was— Wait, was he—did he represent exactly what he was receiving and what was being deducted for disability? All he said was at the time of the motion to reconsider or for rehearing, all he stated was that the 48 orders of 50 percent division of the military retirement and that part of that was barred by this particular statute that's argued today. But there's no dollars or cents that are put in there? There was no dollars or cents at that time. No, well, wait just a second. I think that on the March 4, 2016 hearing, at least according to the appendix that was filed, it indicates that retirement has kicked in and is approximately 573 a month. And I'm referring to C-233 of the appendix. That is the money, Your Honor, when I was talking to you earlier about where he had been reduced from 3,900 down to a little over $3,200. Go ahead. And that left a little over $1,000, maybe a little over $1,100. $1,600. Right. So there were discussions, as Justice Chapman inquired, about the relative ability of the parties to pay in this motion to reconsider. Or am I wrong? You can fight with me. I think you have the motion to reconsider that was filed right after the trial. So that was filed. The motion to reconsider was filed on December 1, 2014. And then there was an agreed order that was entered in conjunction with that motion on January 29, 2015. There was a petition for rule to show cause filed on April 21, 2015. That's when the reduction took place from 3,900 down to a little over $3,200. But that would have been part of a property settlement reduction, correct? I'm sorry, Justice Chapman. Correct, because there were the deductions that you had outlined earlier. And what date was that on the petition for the order? Yeah, there was an order entered following the petition for rules. There was an order entered on July 22, 2015 in response to that petition for rule to show cause. And then Appalee filed a motion to enforce the order again on November 13, 2015. And then there was an order entered on April 22, 2016, which is what was appealed to you today. Right. Well, that was the hearing that was held that I just referenced in March of 2016. Correct. On the hearing to enforce. Correct. Okay. Thank you so much. Yeah. Thank you, Counsel. Thank you. Counsel? I want to ask you a question before you start. I apologize, but that's kind of the way things go with me. That's all right. We were talking about finality of the property settlement. Correct. And it seems that the court, on January 22, 2015, amended what would have otherwise been a final property disposition. Do you agree with that or not? The order wasn't, I mean, there was an order entered there. I think that, again, the question goes back to whether the court had the authority to. No, I'm asking you, can the parties waive the finality of a property settlement? In other words, you had a property distribution, it was a property settlement, it was not appealed in 30 days, and yet there was an order entered on January 22, 2015, that amended the relative rights of the parties to pay. Right? Yes, I believe that order was by agreement. Right. So my question is, by doing that, have you waived, has any party waived the right to raise estoppel, for example? Sure. With regard to, well, they didn't raise this back in, you know, when they should have appealed it. You understand my question? It's kind of an artful, but. No, I understand it. I think that by coming forward with the motion to enforce, it keeps the issue alive. But not necessarily opening the finality of it. She could have just enforced it and, you know, made him pay, pay, pay, but instead there was an agreement. There was, and I think that by allowing, or by the parties agreeing to that, they've kind of opened the door to further potential negotiations, or to leave the door open to a remand, into a redivision of the property settlement. After the judgment was entered? Well. And after 30 days has expired? They came back and entered into that agreed order, and then wife then pursues the motion to enforce for the $1,600. So I guess your question is, is my client barred from this argument because he did not break something within the 30 days of that agreed order? Yes. We would argue no, by virtue of the fact that he simply can't be required to pay the amount through a withholding order that the court is having him pay. Not through a withholding order, you're right. Oh. That doesn't mean he's not barred from paying the amount that he did not appeal. He did not. In the judgment. No, I think it creates a windfall to wife that was not necessarily the intent of the court. That's even possible, but judgments have to have some finality. I don't disagree with the court in that statement. Again, my client's argument here is that by virtue of the court ordering a withholding order, Section 1408 was not properly applied. The court did not properly consider the definition of disposable income, and that now he is being asked to pay a sum that is greater than what the federal statute will allow, which, as the court said, he can't waive the federal statute. Could he have potentially waived anything with a property settlement? Perhaps, but the statute is what the statute is. But it seems that had the court characterized this as maintenance, we would have been in a much better position. But now, because of the mistake, and I think Appley's counsel said that nobody really raised the federal statute to the court. That's unfortunate, right? But as Justice Chapman said, when is a final settlement agreement final? And how do we – tell us how we get to opening this up in light of the lack of an appeal. He filed within two years of that agreed order being entered, I believe. Did he file a 2-1401? He has not filed a 2-1401. So what is the significance of the two years that you're going to tell me about? Well, I suppose at this point in time he theoretically could go to the circuit court level and file a 21401. Obviously, that's not for this court. No, but it's – I mean, there's a mistake. That is true, and I think it's something that he could pursue. Again, his position is that because of this mistake, White has a windfall, and he is – the vast majority of his income is not going to him at this point in time, and he is suffering financial hardship. Any further? I don't believe so. Thank you. Great. We appreciate the briefs and arguments of counsel. We'll take the case under advisement. We'll take about a five-minute recess and resume our argument.